IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Sleep Number Corporation,<br><br>                      Plaintiff,<br><br>v.<br><br>Steven Jay Young; Carl Hewitt; UDP Labs, Inc., a Delaware corporation,<br><br>                      Defendants. | Court File No. 20-cv-01507-NEB-ECW<br><br>**SLEEP NUMBER'S<br>MOTION FOR A PRELIMINARY<br>INJUNCTION** |

## MOTION

Plaintiff Sleep Number Corporation ("Sleep Number") respectfully moves the Court for a preliminary injunction enjoining Defendants Steven Jay Young ("Young"), Carl Hewitt ("Hewitt"), and UDP Labs, Inc. ("UDP") (collectively "Defendants") from further prosecuting, amending, or abandoning claims or claim scope in the patent applications identified in Sleep Number's First Amended Complaint ("the Inventions-at-Issue"). Sleep Number also asks that the Court enjoin Defendants from filing any additional patent applications disclosing information covered by Young's and Hewitt's Consulting Agreements with Sleep Number during the pendency of this action.

This Motion is based upon all the files, records, and proceedings herein, including memoranda of law to be filed in support of this Motion, supporting declarations and exhibits, and arguments of counsel.

## REQUEST FOR EXPEDITED HANDLING

Pursuant to LR 7.1(d)(4), Sleep Number requests that this Motion be given

expedited handling because of the emergency nature of the relief being sought and Defendants' refusal to forego any patent prosecution activities while the Motion is pending. Specifically, Sleep Number proposes an expedited briefing schedule—of Sleep Number's principal brief due January 15, 2021, Defendants' response brief due January 22, 2021, and Sleep Number's reply brief due January 29, 2021—with an expedited hearing date during the week of February 1–5, 2021, or the Court's next available hearing date thereafter.

After being unable to resolve this matter during the meet-and-confer process, Sleep Number's counsel sought Defendants' agreement to the above proposed expedited schedule or agreement to forego taking any actions with the United States Patent and Trademark Office ("USPTO") until resolution of this Motion (which could have alleviated the need for expedited handling). Defendants refused to agree to either. There is simply no reason why Defendants would not agree to temporarily forego any actions with the USPTO, whether under an expedited or normal briefing schedule, given that no actions are required in the near term. Instead, any actions in the near term are voluntary, and Defendants' refusal to forgo such voluntary actions pending resolution of this Motion reveals that their intent is to alter the status quo, not to preserve it. Accordingly, there are three reasons why this Motion, which relates to preserving the status quo over property that Sleep Number alleges it rightfully owns, should be heard expeditiously.

First, despite this lawsuit, Defendants have already taken action to undermine the status quo of the Inventions-at-Issue at the USPTO. In fact, Sleep Number recently learned that, as recently as November 2020, Defendants made "amendments" to several

of the patent applications at issue which are directly adverse to Sleep Number's rights and which significantly affect the evidence in this case. Specifically, Defendants changed the effective filing date of the applications, which potentially subjects the patents to additional "prior art" (which can be used to invalidate the patents) and limits the scope of the patent claims that Sleep Number alleges it rightfully owns. Further, this change has altered the evidence in this case because Defendants have changed the filing dates from a date during the term of Young and Hewitt's consulting for Sleep Number to a date after the consulting relationship ended. If this Motion is not handled in an expedited manner, Defendants will have more time to take similar or other actions harmful to Sleep Number. Indeed, Defendants refusal to forego taking any actions with the USPTO while this Motion is pending suggest that other actions may be planned.

Second, and concerning in light of Defendants' meet-and-confer position, expedited handling is necessary due to the imminent Office Actions from the USPTO. As part of its request that Defendants forego taking actions with the USPTO while this Motion is decided, Sleep Number asked specifically whether Defendants would agree to forego responding to any Office Actions. This should have been easily agreed to. As of the filing of this Motion, the USPTO has not issued an Office Action, *i.e.*, a determination of the patentability of the claims, for any of the Inventions-at-Issue. Based upon publicly-available data, the USPTO will begin issuing Office Actions at any point (and indeed should have already). Because UDP is the owner of record of the patents at issue, UDP will have the sole ability to respond to those Office Actions, the scope and nature of which could abandon claim scope to the public domain or alter the scope of

what is ultimately granted in any patents that issue. UDP could choose to respond immediately to the USPTO, but any responses to Office Actions are not technically due for three months (or six months if additional extension fees are paid). Any such action necessitates the need for this Motion. *See Compact Van Equip. Co. v. Leggett & Platt, Inc.*, 566 F.2d 952, 954 (5th Cir. 1978) (affirming grant of preliminary injunction to reverse improper prosecution activity). By refusing to forego responding to Office Actions, which will not require a response until long after the resolution of this Motion (even under a normal briefing schedule), Defendants have revealed that their intent is not to preserve the status quo. Expedited handling in evaluating Sleep Number's requested relief is therefore appropriate and necessary.

Third, while this Motion is pending, Defendants will continue to have the opportunity to file additional patent applications in secret and without Sleep Number's knowledge. There is a very real possibility that Defendants are already doing so or are intending to do so given that Defendants are obstructing Sleep Number's discovery into any of their patent applications not identified in the original Complaint (despite the fact that Sleep Number recently filed a First Amended Complaint identifying additional patent applications). Again, Defendants would have the sole ability to prosecute those applications, much of which could be done outside the public realm and without Sleep Number's knowledge. Now that Defendants are on notice of Sleep Number's preliminary injunction request, there is no telling what applications Defendants could attempt to quickly file and assign to UDP. Any such conduct could result in significant harm to Sleep Number, which may claim ownership rights over such applications and which

would have to wait to assert a claim for such applications until it became aware of them through the public realm. Further, the publication of any such application may further harm Sleep Number by disclosing its confidential and trade secret information. *See Centrifugal Acquisition Corp. v. Moon*, No. 09-C-327, 2012 WL 718999, at *2 (E.D. Wis. Mar. 5, 2012) (finding irreparable harm established by forthcoming publication of a patent application due to potential disclosure in that publication of proprietary and trade secret information). Because Defendants are refusing to disclose their additional patent prosecution activities, expedited handling of this Motion is appropriate in order to more quickly resolve whether such activities should be enjoined during the pendency of this litigation.

It is transparent that Defendants have no desire to preserve the status quo of the Inventions-at-Issue before the USPTO during the pendency of this Motion and certainly not during the pendency of this litigation. Instead, Defendants' actions underscore exactly why Sleep Number has no choice but to request expedited handling to ensure Sleep Number's rights are protected and to minimize the likelihood that Defendants will take an opportunity in the near future to further cause harm to Sleep Number. The irreparable harm that Sleep Number has and will continue to offer is set forth in more detail in the supporting memoranda of law.

Therefore, Sleep Number respectfully requests expedited handling of this Motion under the briefing and hearing schedule identified above.

Dated: January 15, 2021      **FOX ROTHSCHILD LLP**

By: <u>s/Lukas Toft</u>
    Andrew S. Hansen (#285894)
    Randall J. Pattee (#184962)
    Lukas Toft (#395984)
    Natalie I. Uhlemann (#392148)

222 South Ninth Street, Suite 2000
Minneapolis, Minnesota 55402-3338
Telephone: (612) 607-7000
Facsimile: (612) 607-7100
Email: ahansen@foxrothschild.com
       rpattee@foxrothschild.com
       ltoft@foxrothschild.com
       nuhlemann@foxrothschild.com

**ATTORNEYS FOR PLAINTIFF SLEEP NUMBER CORPORATION**