

|  |  |
|---|---|
| Neel Chatterjee<br>+1 650 752 3256<br>NChatterjee@goodwinlaw.com | Goodwin Procter LLP<br>601 Marshall Street<br>Redwood City, CA  94063<br><br>goodwinlaw.com<br>+1 650 752 3100 |

January 19, 2021

**VIA ECF**

Hon. Nancy E. Brasel
United States District Judge
District of Minnesota
316 N. Robert Street
St. Paul, MN 55101

Re:   *Sleep Number Corp. v. Steven Jay Young et al.*, No. 20-cv-01507-NEB-ECW (D. Minn.)

Dear Judge Brasel:

Steven Jay Young, Carl Hewitt, and UDP Labs, Inc. (collectively, "Defendants") respectfully oppose Plaintiff Sleep Number Corporation's ("Sleep Number") request for expedited briefing and hearing on its motion for preliminary injunction under Local Rule 7.1(d).  D.I. 122.  Sleep Number's request for expedited briefing is unwarranted based on the facts of this case.  Sleep Number's motion should be set for hearing as the Court's schedule permits, and the briefing schedule should proceed normally under Local Rule 7.1.

   **I.   Sleep Number Delayed In Seeking Relief**

Sleep Number seeks to affect the patent prosecution of UDP's patents.  There is no urgency to such a request.  This case has been pending for over six months, and Sleep Number has known of the patent applications at issue for longer than that.  Sleep Number filed its original complaint on July 2, 2020, and acknowledges that it knew about Patent Application No. 16/595,848 since April 9, 2020.  D.I. 124 at 9.  Sleep Number has known about the facts that form the basis of its request for an injunction for many months, yet delayed for over half a year in seeking injunctive relief.

Sleep Number incorrectly claims that a recent action disclaiming priority somehow creates urgency. Sleep Number is well aware that patent claims are routinely amended during prosecution, even where no office action is pending.  D.I. 124 at 26-27.  Indeed, many activities can occur before the patent office during the pendency of litigation.  Despite knowing of the patent application at issue since April 2020 and the prospect of patent office activity, Sleep Number never previously alleged any imminent harm arising from Defendants' continued prosecution of any patent applications.  In addition, the change of priority dates occurred in November 2020.  *See* D.I. 122 at 2.  Sleep Number's request to expedite still comes over two months after the change occurred.  Sleep Number's counsel admits that it learned of the amendments as early as December 18, 2020.  *See* D.I. 125, ¶ 9.  The parties have appeared in court several times during since this change was made, and Sleep Number did nothing.  Finally, Sleep Number identifies no

ACTIVE/106608939.6



Hon. Nancy E. Brasel
January 19, 2021
Page 2

specific action that could occur in the next several weeks that would materially affect the current state of the patents.

Case law supports Defendants' view that Sleep Number has delayed in seeking relief and cannot show any sort of urgency. In *Sam Yang (U.S.A.), Inc. v. Samyang Foods Co. Ltd.*, the Court denied expedited relief because plaintiffs delayed for three months in seeking relief, leaving only two weeks to for the defendants to oppose, and for the Court to adjudicate the application. No. CV 15-07697-AB (KSX), 2016 WL 8999842, at *2 (C.D. Cal. July 29, 2016). The Court held that the untimeliness alone was sufficient grounds for denial. *Id.*; *see also Bremer Bank, Nat. Ass'n v. John Hancock Life Ins. Co.*, No. 06-cv-1534 ADM/JSM, 2006 WL 1205604, at *2 (D. Minn. May 2, 2006) ("An emergency created by a party's inaction is generally afforded less consideration than a scenario in which the emergency is beyond the party's control."). Indeed, in this case, Plaintiffs previously sought expedited discovery making a similar argument about urgency. D.I. 13. That request was correctly denied. D.I. 68.

## II. Sleep Number Cannot Show That an Expedited Hearing is Necessary to Prevent Irreparable Harm

Though amendments in prosecution form the basis of Sleep Number's claim of irreparable harm, Sleep Number admits that "[a]s of the filing of this Motion, the USPTO has not issued an Office Action," and there are no pending prosecution deadlines for any of the patent applications Sleep Number identified in its Amended Complaint. *See* D.I. 122 at 3. Even after an office action issues, Defendants will have at least three months to respond. Sleep Number's assertion that Defendants may take actions that harm the scope of its patent applications makes little sense and, in fact, Sleep Number cannot identify a single action Defendants could take which would prejudice its rights. As those applications are properly assigned to UDP, Defendants have no incentive to jeopardize the scope of their own claims. Sleep Number's other assertions – that Defendants may file additional patent applications, or that applications may publish with Sleep Number's purported trade secret information – are speculative, and provide no basis for granting Sleep Number's request to expedite on these facts. Thus, Sleep Number cannot argue that its motion should be expedited on this basis.

## III. The Expedited Schedule Is Prejudicial To Defendants

The abbreviated schedule sought by Sleep Number is prejudicial to Defendants. Sleep Number filed its injunction motion on January 15, 2021, and proposes that Defendants' opposition be due one week later, on January 22, 2021, Sleep Number's reply due on January 29, and a hearing the week after. This proposed schedule prejudices Defendants, giving them significantly reduced time to review and respond to Sleep Number's complicated motion. And because Sleep Number's motion addresses the merits of its claims, a shortened schedule is particularly burdensome, as Defendants must rebut Sleep Number's factual allegations. This, coupled with Sleep Number's unreasonable delay in seeking injunctive relief, counsels against granting its request to expedite.

Sleep Number cannot show any urgency or imminent harm that would require an expedited briefing schedule. For these reasons, the Court should deny Sleep Number's request for an expedited briefing schedule.



Hon. Nancy E. Brasel
January 19, 2021
Page 3


Sincerely,

*/s/ Neel Chatterjee*
Neel Chatterjee

ACTIVE/106608939.6