# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Sleep Number Corporation, | Case No. 20-cv-01507 (NEB/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Steven Jay Young; Carl Hewitt; UDP Labs, Inc., a Delaware corporation, | |
| Defendants. | |

This matter is before the Court upon the parties' Joint Motion Regarding Continued Sealing (Dkt. 187) pursuant to Local Rule 5.6(d) concerning documents filed under seal (Dkts. 166, 167, 167-1, and 176.) The parties agree that Docket Entries 167, 167-1, and 176 should remain sealed. A disagreement remains between the parties with respect to the continued sealing of Docket Entry 166.

With respect to Docket Entries 167, 167-1, and 176, the parties agree that these entries contain trade secret information that is commercially and competitively sensitive business information. Based on these representations and the Court's review of the documents, the Court concludes that the need to maintain the information in Docket Entries 167, 167-1, and 176[1] under seal outweighs the public's right of access, especially in light of the procedural posture of the case. *See* Fed. R. Civ. P. 5.2; D. Minn. LR 5.6(d) *advisory committee's note*; *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013).

---

[1] The Court notes that redacted versions of Docket Entries 167 and 176 were publicly filed with the Court. (Dkts. 168, 179.)

However, given that these documents were filed in conjunction with a motion to amend the Amended Complaint, the Court emphasizes that this decision is not determinative as to whether this information will remain sealed in the future to the extent that it is filed and considered by the Court with respect to a future dispositive motion. *See In re Baycol Prod. Litig.*, No. 08-CV-5758 (MJD/ECW), 2021 WL 1893897, at *4 (D. Minn. May 11, 2021).

With respect to Docket Entry 166, Plaintiff takes the position that "this document does not qualify as confidential under Rule 26(c)." (Dkt. 187 at 2.) Defendants assert that "the email contains confidential conversations between business associates, and discusses UDP's confidential business plans." (*Id.* at 2-3.) While the email is general with respect to possible future options as to UDP's products, it nevertheless contains information regarding its business plans. At this stage of the litigation, the public's need to know UDP's business plans does not outweigh Defendants' interest in keeping this information confidential. Therefore, the Court grants the motion for continued sealing with respect to Docket Entry 166.

Based upon on the motion and the documents filed under seal, as well as all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that the parties' Joint Motion Regarding Continuing Sealing (Dkt. 187) is **GRANTED**.

Docket Entries 166, 167, 167-1, and 176 will remain **SEALED**.

DATED: May 28, 2021
*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge