UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sleep Number Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>Steven Jay Young; Carl Hewitt; UDP Labs, Inc., a Delaware Corporation,<br><br>    Defendants. | Court File No. 20-cv-1507-NEB-ECW<br><br>**DECLARATION OF JAMES LIN IN SUPPORT OF DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER** |

I, James Lin, declare as follows:

1. I am an attorney with Goodwin Procter, LLP, counsel for non-party Seraph Investments LLC ("Seraph"). I have personal knowledge of the matters set forth herein, unless expressly indicated. If called to testify, I can and will do so competently.

2. On April 22, 2021, Plaintiff Sleep Number Corporation ("Sleep Number") served a subpoena on Seraph. On October 8, 2021, Sleep Number served an Amended Notice of Deposition on Seraph pursuant to Rule 30(b)(6), and noticed for October 12, 2021.

3. Seraph designated Mr. Tuff Yen as the corporate designee, and Mr. Yen duly appeared for the October 12 deposition. I appeared on behalf of Seraph. Mr. Lukas Toft was the questioning attorney on behalf of Sleep Number.

4. In accordance with COVID-19 safety guidelines, this deposition occurred via videoconference, on Zoom.

5. During the deposition, Mr. Toft introduced an exhibit that was an email message sent to Seraph. That email message, produced by another nonparty (and not Seraph) in the course of this litigation, contained protected information belonging to a third party.

6. Accordingly, that email message was duly produced in redacted form pursuant to the Protective Order and the Court's February 24, 2021 Order regarding third-party information (Dkt. No. 148). Only the portions reflecting the protected information of the third party were redacted. The complete thread of this email message was otherwise produced in full.

7. Notwithstanding these redactions, Mr. Toft proceeded to ask Mr. Yen to reveal the substance of those redacted portions.

8. Indeed, understanding that this was a deposition occurring over Zoom videoconference, Mr. Toft knew that Mr. Yen had his computer in front of him. Mr. Toft asked Mr. Yen to open his email account on his computer during this deposition, and find this particular redacted email thread.

9. I made several objections on the record regarding this line of questioning. I further explained that the redacted portions reflected protected information specifically intended for protection under the Protective Order, which the parties had mutually agreed to at the outset of this litigation. I further cautioned Mr. Toft that such questions expressly violated both the Protective Order, and the Court's February 24 Order.

10. Mr. Toft proceeded on this line of questioning. He instructed Mr. Yen to read from his email account on his computer the portions of the email message that were redacted, verbatim.

4

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 24th day of November, 2021, in Oakland, California.

_____
James Lin