## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Sleep Number Corporation,

                    Plaintiff,

v.

Steven Jay Young; Carl Hewitt; UDP
Labs, Inc., a Delaware corporation,

                    Defendants.

Case No. 20-cv-01507 (NEB/ECW)


**ORDER**

This matter is before the Court upon the parties' Joint Motions Regarding
Continued Sealing (Dkts. 243 and 244) pursuant to Local Rule 5.6(d) concerning
documents filed under seal in conjunction with Sleep Number's Motion to Compel and
for Rule 37 Sanctions (Dkt. 204); and Sleep Number's Motion to Compel (Dkt. 215).

The parties agree or otherwise do not object to the continued sealing of Docket
Entries 208, 208-1, 208-2, 208-3, 213, 217, 220, 220-1, 220-2, 220-3, 220-4, 220-5, 220-
6, 220-7, 220-8, 220-9, 220-10, 220-11, 220-12, 220-13, 220-14, 220-15, 220-16, 220-17,
220-18, 220-19, 220-20, 220-21, 220-22, 220-23, 220-24, 220-25, 220-26, 220-27, 220-
28, 220-29, 220-30, 220-31, 220-32, 220-33, 220-34, 220-35, 220-36, 220-37, 220-38,
220-39, 220-40, 229, 229-1, 229-2, 229-4, 229-5, 241, 241-1, 241-2, 241-3, 241-4, 241-5,
241-6, 241-7, 241-8, 241-9, 241-10, 241-11, 241-12, 241-13, 241-14, 241-15, 241-16,
241-17, 241-18, 241-19, 241-20, 241-21, 241-22, 241-23, 241-24, 241-25, 241-26, 241-
27, 241-28, 241-29, and 241-30 on the basis that the documents have been designated as
protective under the operative protection order and/or privileged material filed under seal

pursuant to Fed. R. Civ. P. 26(b)(5)(B).  The Court notes at the outset that this is the only

basis why the documents should remain sealed and therefore shielded from public view.

As the 2017 Advisory Committee Note to Local Rule 5.6 points out, "[e]ven if such

information is covered by a protective order, that information should not be kept under

seal unless a judge determines that a party's or non-party's need for confidentiality

outweighs the public's right of access."

"The fact that a document has been designated as confidential under a protective

order alone is not a valid basis to keep the document under seal indefinitely for the

purposes of Local Rule 5.6(d), which governs motions for further consideration of sealing

in this District."  *Nagel v. United Food & Com. Workers Union*, No. 18-CV-1053

(WMW/ECW), 2020 WL 6145111, at *1 (D. Minn. Oct. 20, 2020) (citing *Micks v.

Gurstel Law Firm, P.C.*, No. 17-CV-4659 (ECT/ECW), 2019 WL 220146, at *1 (D.

Minn. Jan. 16, 2019)).  American courts "recognize a general right to inspect and copy

public records and documents, including judicial records and documents."  *Nixon v.

Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted); *see also Lugosch

v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) ("The common law

right of public access to judicial documents is firmly rooted in our nation's history.");

*Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is

brought before a court for resolution, it is no longer solely the parties' case, but is also the

public's case.").  As the Eighth Circuit has held:

> There is a common-law right of access to judicial records.  . . .  This right of
> access bolsters public confidence in the judicial system by allowing citizens
> to evaluate the reasonableness and fairness of judicial proceedings, and "to

keep a watchful eye on the workings of public agencies." It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citations omitted).

"'This right of access is not absolute, but requires a weighing of competing interests.'" *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-cv-8 (JRT/SER), 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018) (quoting *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)).

In light of this, and the Court's recent Order with respect to privilege (Dkt. 300), the Court denies the motion for continued sealing as to these documents without prejudice. The Court will maintain the documents under continued temporary sealing to allow the parties an opportunity to refile a motion for continued sealing with 28 days of this Order to provide the Court with short basis consistent with Local Rule 5.6 as to why the documents should remain sealed beyond the claims that they were designated as confidential under a protective order, and if the claims of privilege still affect whether certain documents should remain sealed in view of the Court's recent Order (Dkt. 300). If the parties fail to do so, the Court will unseal the documents at that time.

As to Docket Entry 229-6, the parties agree that the interrogatory responses should remain under seal because they contain a detailed description of the trade secrets that Sleep Number claims were misappropriated by Defendants. The Court has reviewed this docket entry and concludes that Sleep Number's interest in keeping its claimed trade secrets confidential outweighs the public need for access, especially in light of the fact that the document was filed in support of a non-dispositive motion.

With respect to Docket Entry 235, the parties assert that this document should remain under seal because it contains confidential communications between the parties pursuant to Fed. R. Evid. 408.  The Court agrees, as the public's need to know the parties' settlement negotiations does not outweigh the parties' interest in keeping this information confidential.  Therefore, the Court grants the motion for continued sealing with respect to Docket Entry 235.

A disagreement remains between the parties with respect to the continued sealing of Docket Entry 229-3.  This document merely speaks to the discovery disputes between the parties and contains no confidential or other privileged information.  As such, this document will be unsealed consistent with Rule 5.6.

Based upon on the motion and the documents filed under seal, as well as all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1.      The parties' Joint Motions Regarding Continued Sealing (Dkts. 243 and 244) is **DENIED WITHOUT PREJUDICE** as to Docket Entries 208, 208-1, 208-2, 208-3, 213, 217, 220, 220-1, 220-2, 220-3, 220-4, 220-5, 220-6, 220-7, 220-8, 220-9, 220-10, 220-11, 220-12, 220-13, 220-14, 220-15, 220-16, 220-17, 220-18, 220-19, 220-20, 220-21, 220-22, 220-23, 220-24, 220-25, 220-26, 220-27, 220-28, 220-29, 220-30, 220-31, 220-32, 220-33, 220-34, 220-35, 220-36, 220-37, 220-38, 220-39, 220-40, 229, 229-1, 229-2, 229-4, 229-5, 241, 241-1, 241-2, 241-3, 241-4, 241-5, 241-6, 241-7, 241-8, 241-9, 241-10, 241-11, 241-12, 241-13, 241-14, 241-15, 241-16, 241-17, 241-18, 241-19,

241-20, 241-21, 241-22, 241-23, 241-24, 241-25, 241-26, 241-27, 241-28, 241-29, and 241-30.

2.      These entries will be **TEMPORARILY SEALED** pending the parties' renewed Joint Motion Regarding Continued Sealing.  The parties shall provide enough information for the Court to decide whether the need for confidentiality outweighs the public's right of access.  *See* L.R. D. Minn. 5.6 *advisory committee's note*; *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013).

3.      If no such renewed joint motion is filed by <u>**January 3, 2022**</u>, the docket entries listed in paragraph 2 of this Order will be ordered unsealed consistent with the procedures set forth under Local Rule 5.6(d).

4.      The parties' Joint Motions Regarding Continued Sealing (Dkts. 243 and 244) is **DENIED** in part as to Docket Entry 229-3.  This entry shall be **UNSEALED** consistent with the procedures set forth under Local Rule 5.6(d).

5.      The parties' Joint Motions Regarding Continued Sealing (Dkts. 243 and 244) is **GRANTED** in part as to Docket Entries 229-6 and 235.  These entries will remain **UNDER SEAL**.


DATED: December 6, 2021                    *s/Elizabeth Cowan Wright*
                                            ELIZABETH COWAN WRIGHT
                                            United States Magistrate Judge