UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sleep Number Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>Steven Jay Young; Carl Hewitt; UDP Labs, Inc., a Delaware corporation,<br><br>        Defendants. | Case No. 20-cv-01507 (NEB/ECW)<br><br>**ORDER** |

  This matter is before the Court upon the parties' Joint Motion Regarding Continued Sealing (Dkt. 473) pursuant to Local Rule 5.6(d) concerning documents filed under seal in conjunction with Plaintiff's Motion for Temporary Restraining Order or, In the Alternative, to Modify the Preliminary Injunction Order (Dkt. 384).

  With respect to Docket Entries 386, 389-1, 390, 390-1, 390-2, 390-3, 390-4, 390-5, 399, 401, 404, 404-1, 404-2, 404-3, and 404-4, the parties agree or do not object to the continued sealing of these documents based on claims that they contain the parties' confidential and trade secret information that is commercially and competitively sensitive business information. Based on these representations and the Court's review of the documents, the Court concludes that the need to maintain the information in above entries under seal outweighs the public's right of access. *See* L. R. D. Minn. 5.6(d) *advisory committee's note*; *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013). Nothing in this Court's sealing orders should be interpreted as a determination that any information identified as trade secret by a party is or is not a trade secret.

The parties disagree with respect to the sealing of Docket Entry 388-1. This entry was filed publicly by Plaintiff. Defendants seek to seal the document, as part of the email chain contains discussions of settlement between the parties protected by Rule 408 of the Federal Rules of Evidence. (Dkt. 473 at 2-3.) Plaintiff counters that document was not designated as confidential, and that no specific settlement terms were discussed—only a general desire for settlement. (*Id.* at 3.) Rule 408 bars the admission of evidence of "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise [a disputed] claim" and "conduct or a statement made during compromise negotiations about the claim." Fed. R. Evid. 408(a)(1), (2). However, the Rule 408 speaks to admissibility and not confidentiality. While the Court acknowledges an interest in keeping settlement negotiations confidential in order to encourage settlement, such an interest may be outweighed by the public's interest in accessing court records. *See Sasson v. Hachette Filipacchi Presse*, No. 15-CV-00194 (VM) (SN), 2016 WL 1599492, at *7 (S.D.N.Y. Apr. 20, 2016) (noting that the public's First Amendment presumption of access may be outweighed by the interest in keeping settlement negotiations confidential). While specific terms were not disclosed in Docket Entry 388-1, there were possible general settlement scenarios listed by Defendants. As such, the Court finds that the interest of encouraging frank settlement communications outweighs the public's interest in accessing this information at this stage of the case. As such, the Court will seal Docket Entry 388-1.

**ORDER**

Based upon on the motion and the documents filed under seal, as well as all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that**:**

1. The parties' Joint Motion Regarding Continuing Sealing (Dkt. 473) is **GRANTED**.

2. Docket Entries 386, 389-1, 390, 390-1, 390-2, 390-3, 390-4, 390-5, 399, 401, 404, 404-1, 404-2, 404-3, and 404-4 will remain **SEALED**.

3. The Clerk's Office is directed to play Docket Entry 388-1 **UNDER SEAL**.

DATED: August 2, 2022                    *s/Elizabeth Cowan Wright*
                                          ELIZABETH COWAN WRIGHT
                                          United States Magistrate Judge